*659 OPINION.
Aeundell:
The transactions through which the petitioner claims to have sustained deductible losses on sales of stock do not bear the marks of bona fide sales. The transfers were made to persons who appear to be. as said in Appeal of Harold B. Clark, 2 B. T. A. 555, “ accommodation ” purchasers rather than bona fide purchasers. The evidence in this case does not satisfy us that the petitioner parted with the stock “for the purpose of absolutely getting rid of the stock ’* nor that any of the transferees obtained it “ for the purpose of absolutely acquiring it as his own.” Appeal of Clark, supra.
Nor does the evidence in this case establish that the petitioner had ascertained that the Freeman debt of $9,700 was worthless in 1920. While there is some evidence that the stock of the Freeman Company held as security for Freeman’s note had depreciated in value during the year, it does not show that the stock was worthless. In fact, there is an obvious inconsistency in the claims of the petitioner in that, with respect to this item, he says that the stock was worthless, while with respect to the transfers of stock made on December 31, 1920, he claims to have made, a bona fide sale of a block of the Freeman Company stock at a price of $1,230.
The amount of $5,000 which the Young corporation paid for stock in an Atlanta warehouse company, was charged to- the petitioner’s personal account on the books of the corporation when it was discovered in 1920 that the stock was worthless. There is .nothing in the record to show that the petitioner reimbursed the corporation for this item either through funds on deposit which were reduced by the charge or by actual payment. A mere charge of the item to him does not establish a loss in the taxable year and is not sufficient to support the petitioner’s claim for a deduction ol the amount.

Judgment will be entered for the respondent.